UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
ELBERT WELCH,

                                  Plaintiff,         9:07-CV–0929
                                                           (TJM)(DEP)

     v.

BRIAN FISHER, Commissioner; GLENN GOORD, Former
Commissioner; DONALD SELSKY, Dir., Special Housing
Unit; RICHARD ROY, Inspector General; DAVID UNGER,
Superintendent; AMBROSE, Corrections Officer; WELLS,
Corrections Officer; HOBART, Reception Officer; HOBART,
Corrections Officer; ISRAEL RIVERA, Superintendent,

                                  Defendants.

APPEARANCES:

ELBERT WELCH
Plaintiff, *pro se*

THOMAS J. McAVOY, SENIOR DISTRICT JUDGE

## DECISION and ORDER

### I. Introduction

     Presently before this Court is a civil rights complaint from *pro se* plaintiff Elbert Welch, together with an application to proceed *in forma pauperis*. Plaintiff, who has not paid the fee for this action, is presently confined in Orleans Correctional Facility. Dkt. No. 1 at 1. Plaintiff has also filed a motion seeking a temporary restraining order prohibiting defendants from confining plaintiff in the special housing unit or in disciplinary cell confinement. Dkt. No. 7.

### II. Discussion.

     Where a plaintiff seeks leave to proceed *in forma pauperis,* the Court must determine whether the plaintiff has demonstrated sufficient economic to proceed

without prepaying, in full, the $350.00 filing fee.[1]  The Court must also consider whether the causes of action stated in the complaint are, *inter alia*, frivolous or malicious, or if they fail to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b)(1).[2]  In addition, the Court must determine whether the so-called "three strikes" rule of § 1915(g) bars the plaintiff from proceeding *in forma pauperis* or whether the plaintiff has properly invoked the "imminent danger" exception set forth therein.  28 U.S.C. § 1915(g).[3]

By his complaint, plaintiff alleges that he is the victim of an ongoing conspiracy to poison him in order to prevent him "from testifying as a witness in the FBI investigations and litigation instituted by the United States Department of Justice" and in his own civil rights cases.  Dkt. No. 1 at 6.  Plaintiff is a frequent litigator in federal court and has filed numerous actions based upon this alleged conspiracy.  Indeed, plaintiff's litigation history earned him "three strikes" under 28 U.S.C. § 1915(g) more than seven years

---

[1] In this case, plaintiff has demonstrated economic need, and has filed the inmate authorization form required in the Northern District.  Dkt. Nos. 2, 3.

[2] 28 U.S.C. § 1915(e)(2)(B), as amended, directs that the Court shall dismiss the case at any time if the Court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

[3] 28 U.S.C. § 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

ago.  *See Welch v. Galie*, 207 F.3d 130, 132 (2d Cir. 2000).  Since that date, plaintiff has continued to file civil rights complaints pursuant to 28 U.S.C. § 1983, invoking in each case the "imminent danger" exception to the three strikes rule.  *See e.g., Welch v. Oldenburg*, 9:07-CV-0973 (FJS/DRH); *Welch v. Selsky*, 9:06-CV-0812 (LEK/DEP); *Welch v. Charlan*, 9:06-CV-00612 (LEK/DEP).[4]

"The 'imminent danger' exception was enacted by Congress to create "a safety valve...to prevent impending harms...."  *Pettus v. Mangano*, 2005 WL 1123761 (E.D.N.Y. 2005) (quoting *Malik v. McGinnis,* 293 F.3d 559, 563 (2d. Cir. 2002)).  The "imminent danger" exception was not intended to allow plaintiffs to file actions concerning claims unrelated to plaintiffs' "imminent danger," or "harms that had already occurred."  *Malik,* 293 F.3d at 563.  The alleged imminent danger must be "real or proximate," and "occurring at the time the complaint is filed."  *Pettus*, *supra* at *1 (quoting *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003)).  Inmate's claims of asserted imminent danger that are "conclusory or ridiculous" are not sufficient.  *Ciarpaglini*, 352 F.3d at 331.

In a situation where the plaintiff has set forth a claim of conspiracy, "a higher burden is imposed and requires that the plaintiffs file a detailed factual pleading."  *Rigby v. Coughlin*, 730 F. Supp. 1196, 1199 (N.D.N.Y. 1990).  *See Polur v. Raffe*, 912 F.2d 52, 56 (2d Cir. 1990) ("[i]t is incumbent on a plaintiff to state more than conclusory allegations to avoid dismissal of a claim predicated on a conspiracy to deprive him of

---

[4] In *Welch v. Selsky*, 9:06-CV-0812, District Judge Lawrence E. Kahn made a preliminary finding that plaintiff's allegations entitled him to invoke the "imminent danger" exception to the "three strike" rule.  Dkt. No. 6 at 5.  A motion from the defendants to revoke plaintiff's *in forma pauperis* status is pending.  Dkt. No. 41.

his constitutional rights.").

The Court is mindful of plaintiff's status as a *pro se* litigant and has reviewed the complaint carefully to determine whether plaintiff is under "imminent danger of serious physical injury" and whether the complaint, as drafted, states a claim upon which relief may be granted. As noted, plaintiff claims to be the victim of a long-standing conspiracy. In this action, plaintiff alleges that the defendants have "conspired to confine him to cells" and that "DOCS officials and inmates acting in concert" have contaminated his food. Dkt. No. 1 at 4-5.[5] In addition to monetary damages, plaintiff seeks injunctive relief restraining defendants from subjecting him to cell confinement.[6]

Plaintiff does not provide any factual support whatsoever for his claims. Plaintiff does not allege that he was being held in disciplinary cell confinement when the complaint was filed, nor does the complaint set forth any facts regarding any previous confinements. The mere allegation that defendant Ambrose has threatened to place disciplinary charges against plaintiff is not sufficient to demonstrate that plaintiff is in imminent danger of serious physical injury, nor does it state a claim upon which relief may be granted. Plaintiff's claim of food poisoning is also wholly unsupported.[7]

---

[5] Plaintiff claims that because inmates at Orleans Correctional Facility are housed in dorms rather than cells, false disciplinary charges have been placed against him in order to secure his confinement to a cell to facilitate "the murder plot." *Id*.

[6] Plaintiff claims that the conspiracy exists throughout DOCS and seeks injunctive relief against "all New York State DOCS facilities." Dkt. No. 1 at 5.

[7] According to plaintiff, "numerous inmates have made comments and gestures indicating a continued conspiracy to poison and contaminate my food," and he has observed "exchanges between inmates and staff at Orleans C.F. regarding the food poisoning conspiracy." *Id*. at 4-5. These allegations are patently insufficient to state a claim for relief.

The Court has also reviewed plaintiff's motion for a temporary restraining order. Dkt. No. 7. By that motion, plaintiff alleges that he was confined to the special housing unit on September 14, 2007 following a Tier II hearing conducted by Lt. Oldenburg, who is not a defendant in this action.[8] Plaintiff appears to rely on this disciplinary determination as evidence of the conspiracy alleged in this action. However, because there is no basis upon which this Court could conclude that the disciplinary determination was in any way improper or without foundation, nothing in plaintiff's motion alters the Court's conclusions regarding the sufficiency of plaintiff's claims.

In sum, the Court finds that the allegations set forth in plaintiff's complaint do not demonstrate that plaintiff is under "imminent danger" of serious physical injury and he is therefore barred from proceeding with this action *in forma pauperis*. Moreover, the Court finds that the allegations of the complaint are not sufficient to state a claim for relief for relief under § 1983 based upon a conspiracy to deprive plaintiff of his constitutional rights, and hereby dismisses this action.

## III.    Conclusion

Accordingly, it is hereby

ORDERED, that plaintiff's application to proceed *in forma pauperis* (Dkt. No. 2) is denied pursuant to 28 U.S.C. § 1915(g), and it is further

ORDERED, that this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), and it is further

ORDERED, that plaintiff's motion for injunctive relief (Dkt. No. 7) is denied as

---

[8] Plaintiff has commenced a new civil rights action in the Northern District against Lt. Oldenburg. *Welch v. Oldenburg, et al.*, 9:07-CV-0973 (FJS/DRH).

moot, and it is further

      ORDERED, that the Clerk serve a copy of this Decision and Order on plaintiff by regular mail.

Datwd:October 30, 2007

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge